Our first case for argument today is 24-1769, Hill v. Collins. Mr. Hill, please proceed. Good morning, Your Honor. May it please the Court. My name is Donald Hill. I'm the appellate in this case. Of 13 claims that were made and to be decided by the Board pursuant to 38 CFR 3.303, which was the duty of the Board, the Board, after the hearing, which was testimony and imagination of medical nexus opinions or whatnot given to the Board, ordered a C&P exam, which I underwent in December of 2019 and January, the first part of January 2020. So it was all completed. The rating Board rated two claims at 60% static disability. The Board adopted that in its final decision but remained silent on 11 of the 13 claims. Now the case is 13 claims, not 11 claims. Pardon me, sir? The Veterans Court only decides final decisions, just like us. That's right. I agree. One claim granted, others dismissed, and others remanded, so the case isn't final. Well, I can't agree with the Court on that respectfully, sir. There have been several cases, the Bean v. West, Williams v. Principe, Lewis v. Collins, where the Board is silent on certain claims but they're deemed to be denied by silence. And in particular, this case is interesting because the Board granted two claims, and you can't split two claims off of 13 claims to say, so the Court could just say, well, we're only going to work with now, we're not going to give you jurisdiction because you've only got 11 cases where there was no decision. There was a decision on two of the 13 claims, so all of it became available to the Board on appeal. I appealed March 3rd of 2020, and therefore I was appealing a final decision, and that's set law. I'm a legacy case. I'm not an AMA case, and so any of the additional rules that may apply to that did not apply in my case. You are a lawyer. I am a lawyer, Your Honor. Is that okay? You're a fair member of our Bar. Yes, sir. Thank you very much. This is my first time to appear here. It's an honor to be here, and I appreciate your taking time to listen to my case. Happy to have you here. So with the denial of the 11 claims of the 13, we have a case for 13 claims, two of them granted to not appeal of all 13, because I had a right to appeal the decision on the 60% static disability. The Social Security Administration already granted 100% disability. Which claims would you say are adverse to you? Which ones, Your Honor? Well, my lower bilateral neuropathy that I incurred in the Gulf War when I was flying in the Gulf War. I have now a new shoulder, my right shoulder, which had gone through a number of operations. I was a jet carrier pilot. I now have two new knees from injuries that occurred on carrier decks and climbing in and out of the jet aircraft. I have had an operation on cervical spine. And these are all on appeal? These are all on appeal, Your Honor. And so all the claims are there, and they were well-developed. Counsel. Yes, ma'am. I thought that some of these issues were remanded for further development. No, they weren't. None of these issues were remanded? No. What happened, Your Honor, I'm glad you brought that up. I appealed March 3rd of 2020 in July of 2020. After I had already noticed the appeal and informed the board that I had appealed, then they tried to stick in a remand to go for another C&P exam, which I had just undergone pursuant to the court's order. I completed it in December of 2019 and January 2020. The 125 page of that medical report was before the board in January 24th, 2020, when the board sent me its final decision. So it was fully informed. When I appealed, it transferred all jurisdiction of the case to the CAEC, and the board lost jurisdiction. It had no authority to do another remand when my case was on appeal because by then the CAVC had full jurisdiction of the case. So I sent notice. I don't know if the court's aware, but I sent letters noticing the board that say, hey, my case is on appeal. You don't have jurisdiction anymore on this case. And they seemed to not pay any attention to that. And for three years they kept trying to get me to do another. Can you look at the supplemental appendix, page 22 and 23, which is in the red brief? I'm sorry, your Honor? Can you please look at the supplemental appendix? It's page 22 and 23 in the red brief. I don't have it in front of me, your Honor. Well, you don't have the red brief? I don't have the briefs in front of me. I'm sorry. Okay, well, it says that there's an order that dismissed your claim for fibromyalgia. It dismissed your claim for lower back disability. It granted service connection for cervical spine disability. And then it goes on and lists a lot of your claims, which it says are remanded to the RO, I guess. I mean, remanded, entitled to service connection for neuropathy of the face, bilateral alter extremities, remanded. Entitled to service connection for bilateral shoulder disability, remanded. Entitled to service connection for a sinus condition, remanded. It just keeps going on and on. So I don't understand why those claims weren't all remanded. It looks like I have an order in front of me that remands them. Well, your Honor, I don't understand the problem there. It's because the original remand decision, you'll see, was November 6th of 2019. On that remand, that's what I was explaining, I went and performed the C&P examination in December and January on all of those remands. When the final decision came out, and I was noticed of it in January 20th of 2020, those remanded items had already been completed and were part of a 125-page medical report from the VA's physician that did it. So the board remanded these particular disability claims to the RO. You're saying you complied with the medical testing that was requested to help develop the record. Is there no opinion that issued then on these remanded claims? Yeah, that's the opinion I've appealed, Your Honor. But the opinion you appealed didn't address these claims. Well, that's my point. There was denial by silence of 11 claims, while two were granted of the 13. Now, you can't split 11 claims. The CAVC didn't act properly when they split 11 claims out of the 13. It's a 13-claim. It happens all the time. I mean, certain claims need to be developed more than other claims. The board has everything it needs to decide one claim, but other claims require further development. So did the board decision you're appealing just didn't even address these claims at all? No, it didn't. It was silent, Your Honor. That's why I appealed it, because silence is denial, according to this court's law, case law. Silence is denial. Denial gives me the appeal right. I'm appealing all 13 of the claims, including the 60% static disability award. That's why we're here today. I'm looking at the board decision 2019, which remands four claims. What's that, Your Honor? It remanded four claims. Okay. In 2019? Yes. That means the case wasn't filed. I don't know which ones you're talking about, Your Honor. I'm sorry. Supplemental Appendix 22. I'm sorry you didn't... No, the... I can't argue. I would think... Take this, ma'am. Well, here's the point, is there was a November... The November 6th of 2019 decision remanded everything, okay, just as Judge Moore said. And so I did a C&P exam for four days to go over everything that was remanded. Well, it didn't remand everything. It dismissed one, it dismissed another, and it remanded another. Right, and I'm not arguing about the dismissals, Your Honor. I'm not arguing that at all. I'm just arguing that when they were silent on the other 11 claims that became final decision, and I have a right to appeal it under the case law that's been developed by this Court, as I've cited. Now, when the final decision, maybe to help clarify a little further, when they sent me the final decision on notice letter of January 24th, 2020, there was no change in the date of that November 6th date, which was originally sent out on November 6th. So it creates confusion in there as to what was when. And so I understand the Court's questioning on that issue. But I just want to make clear that the original decision for the remand for the C&P exams, which I underwent, came out on November 6th, and I complied December 24th, 26th, and the first week of January to get it completed. What's your response to the argument that's made against you that you abandoned a number of claims? Well, that is a figment of the Court's imagination. When I filed the appeal on March 3rd, I did not abandon any claims. There were 13 claims, and that's clear throughout my briefing. And the Court, I'm sure, is aware that I had, as I discovered more documents over the three years that my case was spread out, I had to file Rule 28J filings to fully inform this Court of actually what the documents were, which had been not presented to me, were not made available in the RBA. In fact, the RBA at one time had been 3,600 pages, and when we finally got down to it, it was 2,400 pages. And I had to later discover the 125 pages of the medical examination, which I knew were there, but were never presented in the RBA by the Secretary. So that's another matter. I'm just here to argue that... Well, is it correct that eight of your separate claims relate to the cervical spine disability issue? How many, Your Honor? Eight? Yeah, it do, because I didn't get a chance to finish talking to the last four. But how could they have granted you that? Huh? In your 2019, they granted that. No, they only granted two, Your Honor. What they granted was two was the cervical spine, and then because I've lost feeling in my face, those were the two that were granted. They have not granted anything on my shoulders. They have not granted anything about the loss of feeling and strength in my hands. Well, cervical spine disability, neck is granted. Neck, but the neck is up here, Your Honor. Cervical spine runs from C2 to C7, and I've got problems all the way down. Spondylosis, which pinches the nerves, which cuts off the feeling and the strength going down into your hands. Those are all part of the disabilities that I'm appealing on because the board was silent on all of those. I was honest with the board and said, look, I don't think I have fibromyalgia. I've just got some other problems going on here, and I think this should be taken care of. The board is silent because the board thinks it's done all its job, that you abandoned some claims and they remanded back to rebuild the record on others, and that you don't have any pending adverse claims against you or decisions. I agree. I can understand what the court is saying, that the board thinks so, but when the board is – the law is – that's not the law. The law, as I read the law and as this court has decided, when the board is silent on claims of disability, then it constitutes a denial. So the board can think whatever it wants, but when it doesn't talk, when it doesn't speak, then it is deemed a denial. The board may choose which claims to grant, but not which claims to speak on in rendering its decision. And that's by 38 CFR 3.303. They're required to decide every claim, and if they're silent on a claim, it's a denial. That's pretty much all your rebuttal time. Do you want to save any? Well, I can save one more. Thank you for your time. Good morning. May it please the court. As the court noted, the Veterans Court correctly determined that it did not have an adverse final decision before it. Nine claims were made before the board, of which one was granted, two were voluntarily withdrawn and dismissed as such at the veterans' request, and the remainder were either remanded or referred for further development. And what happened to those claims? It's a mixture, Your Honor. There has been some difficulty tracking down every single one, but the ones we know, for example, if the court looks at Mr. Hill's reply brief, he attaches on what is labeled ARB ADDN 1-6, a January 17, 2020 decision by the regional office, which granted service connection for degenerative arthritis, intervertebral disc syndrome, spinal stenosis, with a 20% rate effective December 2021, granted a 20% evaluation for cervical spine degenerative, and so on and so forth. There's a number of conditions here. I believe there's two grantings for radicoplasty, and further grantings for surgical scar that I was found to have no rating assigned. These are the claims that were remanded immediately. Within two months of that decision, remanding them in 2019, November 2019, the decision of the board that was appealed in this case, the RO has already put forward new decisions granting service connection for the veteran. In this situation, what seems to have happened then is that there's been a confusion as to whether or not those issues were also swept up in the appeal to the veterans' court. Of course, they were not at that time. They were decisions by the RO. They had not been put before the board at all. Without a board decision, there cannot be an appeal to the veterans' court. As such, those decisions were before the RO at that time. Are you suggesting that Mr. Hill failed to appeal any concerns he had with those decisions to the board? Well, I do believe that he has been able to appeal concerns with later decisions. After that decision in January 2020, there were further developments in this case, and there was a later board decision in 2022, November 2022. This decision was appealed then to the veterans' court. That is a separate case that is still pending for the veterans' court. And is that case one that sweeps in some subset of these other claims that we're discussing now? I believe it does. I think the bronchitis is one of the ones that's still present in that claim. I believe the bilateral shoulder disability was also something that the board was processing at that point. One thing we just noted with that argument is it appears that the board's decision that's now on appeal for the veterans' court goes into some detail on this. It provides a bit more of a factual record. During 2020, 2021, 2022, multiple attempts by the VA were made to schedule Mr. Hill for medical examinations to help develop information for his case. There's notes here, and I can't speak for what the board has stated, is that the veterans stated that his claims were before the veterans' court on appeal. Therefore, the board and the RO didn't have jurisdiction under his understanding of how the system works, and so he did not turn up to those appointments. And the board was eventually forced to rule without being able to develop, without being able to make a medical examination, develop more evidence potentially that could help it. Am I correct in understanding the government's position is that the only real issue for this court to decide is whether the veterans' court had jurisdiction over those additional claims that it did not? That's correct, Your Honor. This court's jurisdiction is limited to reviewing what the veterans' court decided, and the cases can appeal to it. Veterans' courts, in turn, have this limited jurisdiction by statute. They can only look at what the board decided. To the extent the board didn't decide certain things, those things are not before the veterans' court. Unless, of course, the veterans were to file a mandamus petition for a failure to process. That would be one situation where we might be able to either skip or move through the process in a different way, but that's not happened here. And even if there had been a second board decision prior to Mr. Hill filing his appeal of the November 2019 decision, that decision itself would require its own appeal. You cannot simply just say, well, I've started the appeal process, therefore everything is moving into this situation. The Court of Veterans Claims does not have the ability to order medical examinations to develop more factual evidence that could help it, which is what the Veterans Administration was trying to do through the RO, through the medical process. I would just point out that even if that was the case, while Mr. Hill, in his briefs, characterizes decisions that happened in January 2020 as decisions of the board, they are not. There was a January 17 decision by the RO, which is not the board, and there was a letter, January 2024, which he attaches to his briefs, which is a letter from the VA to Mr. Hill informing him of the results of the November 2019 decision. And he characterizes this as it appears as a board decision. But even if there was a board decision during that time, it still would not be put up in the appeal. The appeal was of the November 2019 decision. That appeal had no final adverse decision or decision adverse to the veteran, and therefore there was nothing for the Veterans Court to have jurisdiction over in that case. It correctly determined it had none, and this court's jurisdiction is limited to simply that decision, which was legally correct. Unless the court has any further questions. Okay, thank you, Mr. Golden. Mr. Hill. Thank you, Your Honor. Let me clarify a couple things. First of all, when I appealed the final decision that was sent to me on January 24th of 2020, that took all jurisdiction away from the board. The board had no jurisdiction to come and order me to go to any other C&P exam. I continued to refuse to go to any more because jurisdiction was with the CAVC based upon my appeal, and therefore there was no obligation. By doing that, then I would have been admitting that there was no final decision, and I wasn't going to admit that. So finally, they came up with another decision here, as he just said, November 20th of 2022, which I had to appeal because it was just wrong. For a lot of reasons I won't bring up, it's not material here other than to say it was wrong, because they had no jurisdiction to order me to come to another C&P exam, which I had already completed based upon the original order of the board. So therefore, we are with a case of 13 claims, two of which were decided, 11 not decided by silence. I don't believe the CAVC could divide that case of 13 claims into two cases, which is basically what they've tried to do. They said, well, two cases were decided, and the other 11 were silenced, so therefore it wasn't a final decision. Well, the whole thing is a final decision. The 60% static disability was two claims of the 13, and as one package, the whole case was appealable because it involved the 13 claims. The 60% made a final decision. Thank you very much for your argument. Thank you, Your Honor.